UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| E-CONTACT TECHNOLOGIES LLC, | § | |
|                 Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:11-CV-426-DF/KFG |
| | § | |
| APPLE, INC., AT&T INC., CSC HOLDINGS, LLC, CENTURYLINK, INC., CHARTER COMMUNICATIONS, INC., COMCAST INTERACTIVE MEDIA, LLC, COX COMMUNICATIONS, INC., DELL INC., EARTHLINK, INC., GOOGLE INC., HOSTGATOR.COM, LLC, IAC SEARCH & MEDIA, INC., MICROSOFT CORPORATION, MOTOROLA MOBILITY, INC., NOKIA, INC., OPERA SOFTWARE ASA, QUALCOMM INCORPORATED, RACKSPACE US, INC., RCN TELECOM SERVICES, LLC, SAMSUNG ELECTRONICS AMERICA, INC., TOSHIBA AMERICA INFORMATION SYSTEM, INC., VERIZON COMMUNICATIONS INC., VIRGIN MEDIA, INC., YAHOO! INC., and 1&1 MAIL & MEDIA INC. | § | JURY TRIAL DEMANDED |
|                 Defendants. | § | |

**DEFENDANT AT&T INC.'S ANSWER AND DEFENSES TO**
**PLAINTIFF E-CONTACT TECHNOLOGIES LLC'S COMPLAINT**

Defendant AT&T Inc. ("AT&T") responds to Plaintiff E-Contact Technologies LLC's ("Plaintiff") Original Complaint for Patent Infringement ("Complaint") and states:

## I. ANSWER

1. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint and, on that basis, denies those allegations.

**AT&T INC.'S ANSWER AND DEFENSES– Page 1**

2. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3. AT&T admits it is a corporation organized under the laws of Delaware, with a principal place of business at 208 S. Akard St., Dallas, Texas, 75202. AT&T admits that CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234 is a registered agent for AT&T.

4. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 5 of the Complaint and, on that basis, denies those allegations.

6. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 12 of the Complaint and, on that basis, denies those allegations.

13. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 13 of the Complaint and, on that basis, denies those allegations.

14. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 15 of the Complaint and, on that basis, denies those allegations.

16. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 16 of the Complaint and, on that basis, denies those allegations.

17. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 17 of the Complaint and, on that basis, denies those allegations.

18. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

19. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 19 of the Complaint and, on that basis, denies those allegations.

20. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 20 of the Complaint and, on that basis, denies those allegations.

21. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 23 of the Complaint and, on that basis, denies those allegations.

24. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 26 of the Complaint and, on that basis, denies those allegations.

27. AT&T admits that this Court has subject matter jurisdiction over patent cases and that Plaintiff is alleging patent infringement. AT&T denies that any of its actions give rise to a cause of action for patent infringement. AT&T denies the remaining allegations of paragraph 27 of the Complaint.

28. AT&T denies that venue is proper under either 28 U.S.C. §1391 or 28 U.S.C. § 1400(b). AT&T is a Delaware corporation with its principal place of business in Dallas, Texas. AT&T does not make, use, sell, offer to sell, or import any product or service in any state or jurisdiction,. AT&T is a holding company that has no employees, sales representatives, or distributors.

29. AT&T admits that it is subject to personal jurisdiction in the State of Texas. AT&T denies carrying out any infringing activities in the State of Texas.

30. AT&T admits that United States Patent No. 5,347,579 ("the '579 patent") is entitled "Personal Computer Diary". AT&T admits that the '579 patent lists an issuance date of September 13, 1994. AT&T admits that a copy of the '579 patent is attached as Exhibit A to the Complaint. AT&T denies the '579 patent was duly and legally issued by the United States Patent and Trademark Office. AT&T is without knowledge or information sufficient to form a belief as to the truth of the remainder of the statements in Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 32 of the Complaint and, on that basis, denies those allegations.

33. AT&T denies all allegations set forth in Paragraph 33 of the Complaint.

34. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 34 of the Complaint and, on that basis, denies those allegations.

35. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 35 of the Complaint and, on that basis, denies those allegations.

36. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 36 of the Complaint and, on that basis, denies those allegations.

37. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 37 of the Complaint and, on that basis, denies those allegations.

38. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 38 of the Complaint and, on that basis, denies those allegations.

39. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 39 of the Complaint and, on that basis, denies those allegations.

40. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 40 of the Complaint and, on that basis, denies those allegations.

41. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 41 of the Complaint and, on that basis, denies those allegations.

42. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 42 of the Complaint and, on that basis, denies those allegations.

43. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 43 of the Complaint and, on that basis, denies those allegations.

44. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 44 of the Complaint and, on that basis, denies those allegations.

45. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 45 of the Complaint and, on that basis, denies those allegations.

46. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 46 of the Complaint and, on that basis, denies those allegations.

47. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 47 of the Complaint and, on that basis, denies those allegations.

48. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 48 of the Complaint and, on that basis, denies those allegations.

49. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 49 of the Complaint and, on that basis, denies those allegations.

50. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 50 of the Complaint and, on that basis, denies those allegations.

51. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 51 of the Complaint and, on that basis, denies those allegations.

52. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 52 of the Complaint and, on that basis, denies those allegations.

53. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 53 of the Complaint and, on that basis, denies those allegations.

54. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Complaint and, on that basis, denies those allegations.

55. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 55 of the Complaint and, on that basis, denies those allegations.

56. AT&T is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 56 of the Complaint and, on that basis, denies those allegations.

57. AT&T does not object to a trial by jury on all issues so triable.

58. AT&T denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

59. AT&T denies each and every allegation in the complaint which is not specifically admitted herein.

## II. AFFIRMATIVE AND OTHER DEFENSES

60. In addition to the defenses described below, AT&T expressly reserves the right to allege additional defenses as they become known through the course of discovery. AT&T also expressly reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or may be available in the future. AT&T, as further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, alleges, upon information and belief the following defenses:

### FIRST DEFENSE – FAILURE TO STATE A CLAIM FOR RELIEF

61. Each and every one of Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which any relief may be granted against AT&T.

### SECOND DEFENSE – NONINFRINGEMENT

62. AT&T has not infringed any valid and enforceable claim of the '579 patent, directly, indirectly, or otherwise. AT&T is not liable for infringement of the '579 patent.

### THIRD DEFENSE – INVALIDITY

63. The '579 patent and all of the claims in the '579 patent are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation §§ 101, 102, 103 and 112 and the rules, regulations and laws pertaining thereto.

### FOURTH DEFENSE – STATUTE OF LIMITATIONS

64. To the extent Plaintiff seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Plaintiff is barred, in whole or in part, by 35 U.S.C. § 286.

## FIFTH DEFENSE – NOTICE

65. To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '579 patent to AT&T, the relief sought by Plaintiff is barred by 35 U.S.C. § 287.

## SIXTH DEFENSE – INVALID CLAIMS

66. Plaintiff is barred from recovering costs associated with its action by 35 U.S.C. § 288.

## SEVENTH DEFENSE – EQUITABLE DEFENSES

67. On information and belief, the relief sought by Plaintiff as to the '579 patent is barred, in whole or in part, under principles of equity including, but not limited to, laches, prosecution laches, waiver, estoppel, acquiescence, and unclean hands.

## EIGHTH DEFENSE – NO INJUNCTIVE RELIEF

68. The Plaintiff is not entitled to any injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law.

## NINTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

69. By reasons of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicant or on his behalf, Plaintiff is estopped from asserting infringement of the '579 patent against AT&T.

## TENTH DEFENSE – NO EXCEPTIONAL CASE

70. Plaintiff cannot prove this is an exceptional case justifying an award of attorneys fees against AT&T pursuant to 35 U.S.C. §285 because AT&T has not engaged in any conduct that entitles Plaintiff to attorneys' fees.

### ELEVENTH DEFENSE – PATENT EXHAUSTION DOCTRINE

71. Plaintiff has exhausted its patent rights and is estopped from seeking damages from AT&T for infringement of the '579 patent because of the patent exhaustion doctrine.

### TWELTH DEFENSE – IMPROPER VENUE

72. Venue in this District and Division is improper under either 28 U.S.C. §1400(b) or 28 U.S.C. § 1391(b).  AT&T is a Delaware corporation with its principal place of business in Dallas, Texas. AT&T does not make, use, sell, offer to sell, or import any product or service in any state or jurisdiction, nor does it manufacture any product or provide any service in this District.  AT&T is a holding company that has no employees, sales representatives, or distributors.

### THIRTEENTH DEFENSE – OWNERSHIP

73. Plaintiff has failed provide adequate evidence of ownership of the '579 Patent.

### FOURTEENTH DEFENSE

74. E-Contact is precluded from asserting the '579 Patent against AT&T by virtue of its assertion of the '579 Patent against AT&T without a well-founded, good-faith belief that AT&T infringed the '579 Patent.

75. AT&T expressly reserves the right to assert additional defenses after appropriate discovery

### DEMAND FOR JURY TRIAL

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AT&T hereby demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

AT&T respectfully requests that the Court:

A. dismiss Plaintiff's Complaint with prejudice and enter judgment that Plaintiff take nothing;

B. enter judgment in favor of AT&T against Plaintiff on Plaintiff's Complaint;

C. enter an Order declaring that AT&T does not infringe, under any theory, any valid claim of the '579 patent that may be enforceable;

D. enter an Order declaring the asserted claims of the '579 patent are invalid and unenforceable;

E. require Plaintiff to pay AT&T's costs of suit;

F. require Plaintiff to pay AT&T's attorneys' fees pursuant to 35 U.S.C. § 285;

G. declare this an exceptional case; and

H. award AT&T such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
Shawn Alexander Latchford
Texas Bar No. 24066603
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
jdoan@haltomdoan.com
ddoan@haltomdoan.com
slatchford@haltomdoan.com

**ATTORNEYS FOR
AT&T INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 6th day of December, 2011.

/s/ Jennifer H. Doan
Jennifer H. Doan