IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| E-CONTACT TECHNOLOGIES LLC<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., ET AL.<br><br>    Defendants. | CIVIL ACTION NO. 1:11-CV-426-DF-KFG<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**SUR-REPLY IN OPPOSITION TO DELL'S MOTION TO DISQUALIFY**

## I. DELL CANNOT EXPLAIN ITS FAILURE TO DISCLOSE THE TRUE FACTS

In its opening brief, Dell argued as if the Weil firm had been engaged directly by Dell to defend it in *MicroUnity* and *Fenner*. Dell attempted to create the impression that Mr. Antonelli and Mr. Harrington put in 2,500 hours working directly with Dell and Dell's in-house counsel on Dell-specific issues. But Dell purposefully withheld material information about the true nature of the former *MicroUnity* and *Fenner* representations: (1) Weil was really hired by Intel in *MicroUnity*, and another company in *Fenner*, who each were indemnifying Dell; (2) the former matters related to the technology of those other companies, not Dell's technology; (3) Weil's representation of Dell was limited in scope to issues that Dell had in common with the other companies; and (4) Dell had separate counsel for any issues unique to it.

In its reply brief, Dell does not even attempt to explain its failure to disclose the true nature of the former matters. Instead, Dell argues that none of these facts matter because Mr. Antonelli and Mr. Harrington were still Dell's lawyers, even if other companies like Intel were paying the bills and calling the shots. *See* Dell Reply at 2, 8-9. Dell's reply misses the point. No one is arguing that Mr. Antonelli and Mr. Harrington were not Dell's attorneys in the former matters. The point is that the true facts make clear that *MicroUnity* and *Fenner* did not involve Dell confidential information or any meaningful interaction with Dell or Dell's in-house counsel. So Dell's original argument—that Mr. Antonelli and Mr. Harrington must be disqualified because they had access to Dell's patent litigation strategies—simply does not work.

## II. THE COURT SHOULD REJECT DELL'S NEW ARGUMENT

Rather than explain the crucial omissions in its opening brief, Dell now rests its argument on the very facts that it earlier failed to disclose. Dropping the argument that Mr. Antonelli and Mr. Harrington had access to Dell's patent litigation "playbook" in general, Dell instead claims

1

that they were exposed to Dell's "critical legal strategies" for handling patent cases in which the product of another company is really what is accused of infringement. *See, e.g.,* Dell Reply at 1.

But Mr. Antonelli and Mr. Harrington did not receive any information about Dell's strategies relating to indemnity. That Dell is sometimes indemnified by other companies when it is sued for patent infringement is a matter of public record. *See, e.g.,* Ex. 10 at 13 [Intel June 2004 10-Q] (reporting indemnity relationship). And to the extent that Dell employed any strategy in dealing with Intel or its other indemnitors in the prior matters, it did so through other counsel. The Weil firm obviously was not advising Dell about Dell's "indemnification rights and obligations" concerning Intel at the same time that it was representing Intel.

Dell also argues that it is "self-evident" that there is a substantial relationship between patent cases that involve the technology of other companies. Dell Reply at 5. Really? The fact that two cases involve the technology of different companies makes the cases less related, not more. Not surprisingly, Dell was unable to cite a single case that supports its new theory.

### III.    DELL'S ARGUMENT PROVES TOO MUCH

According to Dell, Mr. Antonelli and Mr. Harrington are barred from representing clients adverse to Dell *in any patent case* because they represented Dell in past patent cases when they were employed by the Weil firm. Indeed, Dell has moved to disqualify AHT in five different patent cases, involving a wide-range of different technologies. If all of these cases are substantially related, then every patent case involving the same party is substantially related.

Dell tries to obscure this truth by arguing that Mr. Antonelli and Mr. Harrington were exposed to its "critical legal strategies," but these general arguments can be made whenever former and current matters relate to the same type of legal problem. Under the law of the Fifth Circuit, they do not establish a conflict of interest. "In resolving conflict issues, the Fifth Circuit

looks to the American Bar Association (ABA) Model Rules." *Commonwealth Scientific & Indus. Research Org. v. Toshiba Am. Information Sys.*, 297 Fed. Appx. 970, 973-75 (Fed. Cir. 2008). The ABA Model Rules expressly reject the argument that Dell is making here. *See* ABA Model Rule 1.9, Comment [2] ("[A] lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client."); Comment [3] ("In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation.").

Dell continues to argue that all it has to show is "more than a superficial relationship" between the current and former matters. Dell Reply at 3. Dell bases this entirely on *In re Riles*, 2000 WL 1062086 (Fed. Cir. 2000). But Dell continues to ignore key aspects of that case:

- *In re Riles* is unpublished and non-precedential. It is not binding on this or any other court. *See, e.g.,* Fed. Cir. R. 32.1(d).

- The *In re Riles* opinion noted that there was "more than a superficial relationship" only in distinguishing a prior case holding that "only a superficial relationship" was not enough for a conflict. It did not change the substantial relationship test.

- *In re Riles* was a mandamus decision. The Federal Circuit decided to leave undisturbed the district court's decision that there was a conflict in view of the strict standard of review on mandamus. That standard does not apply here.

- *In re Riles* is over a decade old, yet not a single court has relied on it for the proposition that all a conflict requires is "more than a superficial relationship."

Dell claims that AHT is "largely ignoring the controlling precedent in this Circuit" and that it instead "relies on *dicta* from inapposite cases." Dell Reply at 4. Not so. AHT relies on *Biax Corp. v. Fujitsu Computer Sys.*, No. 2:06-cv-364, 2007 U.S. Dist. LEXIS 35770 (E.D Tex. May 16, 2007) and *Power MOSFET Techs., L.L.C. v. Siemens AG*, No. 2:99-cv-168, 2002 U.S. Dist. LEXIS 27557 (E.D. Tex. Sept. 30, 2002). These are the only cases from this district cited

3

by either party that address whether a former representation presents a conflict.  Both cases were decided after *In re Riles*.  And in both of these cases, the relationship between the former and current matters was much closer than it is here, but still was insufficient to raise a conflict.

It is Dell that is asking the Court to accept inapposite cases from outside of the Fifth Circuit.  Indeed, immediately after saying that AHT is "ignoring the controlling precedent in this Circuit," Dell asks the Court to rely on *Sunbeam Products* from the Eastern District of Virginia, which Dell characterizes as "rejecting cases like *Power Mosfet*."  Dell Reply at 4.  This Court should follow the *Biax* and *Power MOSFET* decisions from this district, not the decisions of districts outside the Fifth Circuit that have supposedly rejected them.

## IV.   DELL CONTINUES TO HIDE THE TERMS OF THE PRIOR ENGAGEMENTS

Dell does not deny that in view of the limited nature of Weil's representation, Dell waived the conflicts that it is now arguing.  *See* Dell Reply at 9.  Instead, Dell argues only that its waiver does not apply "to the Antonelli firm."  *See id.* at 9-10.  Despite making these arguments, Dell still has not produced the engagement letters.  Because Dell's allegations are based on Mr. Antonelli and Mr. Harrington's representation of Dell when they worked for Weil, the engagement terms between Weil and Dell govern their duties to Dell as a former client.   If the Court is unconvinced that no conflict exists based on the current record, it should order limited discovery so that Dell cannot continue to hide the key engagement and indemnity documents.

## V.   DELL'S REPLY BRIEF CONTAINS NEW FACTUAL INACCURACIES

Dell's reply brief adds several misstatements of fact:

- Dell argues that AHT used "inside knowledge of Dell" to "unfairly" take Mr. Peterman's deposition in an earlier case.  Dell Reply at 7 n.4.  But Dell chose to submit Mr. Peterman's declaration to support a motion to transfer, agreed to a 30(b)(6) deposition, and designated Mr. Peterman to be its 30(b)(6) witness.  AHT did not use any "inside information" to depose him.  Dell does not have a shred of evidence to support this serious charge.

4

- Dell says that Mr. Antonelli had "substantive meetings with Dell's senior patent counsel and technical witnesses." Dell Reply at 1. But Dell identifies only a single meeting, which its declarant admits was called early in the case "in preparation for discovery." Newton Decl. ¶ 8. And no Dell declarant could actually say the meeting involved discussing Dell's litigation strategies. It did not.

- Dell also argues that Mr. Antonelli and Mr. Harrington were "entrusted by Dell with critical . . . decision making." Dell Reply at 2. But Dell has not shown any decision that Dell itself (as opposed to its indemnitors) entrusted Mr. Antonelli or Mr. Harrington to make. That never happened.

## VI. MR. ANTONELLI AND MR. HARRINGTON SIGNED THE OPPOSITION BRIEF

Dell argues that the Court should disregard the statements relating to Mr. Antonelli and Mr. Harrington made in the opposition brief because Mr. Antonelli and Mr. Harrington did not submit declarations. Mr. Antonelli and Mr. Harrington both personally signed the opposition brief for a reason: they stand behind every word contained in it. In any event, declarations are being submitted with this sur-reply that affirm that the briefs are true and correct.

## VII. THE COURT SHOULD NOT CONSIDER THE MICROSOFT "PRECEDENT"

E-Contact agrees that moving Dell to the separate Microsoft case would be appropriate *if a conflict existed.* But the mere possibility of that remedy does not mean that there is any actual conflict with Dell. E-Contact's separate agreement with Microsoft says nothing about the merits of Dell's motion to disqualify, and should not be considered by this Court in ruling on it.

## VIII. CONCLUSION

For the foregoing reasons, the Court should deny Dell's motion for disqualification.

Dated: January 26, 2012

Respectfully submitted,

/s/ Matthew J. Antonelli
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Antonelli, Harrington & Thompson LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000
(713) 581-3020 (fax)

/s/ Zachariah S. Harrington
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Antonelli, Harrington & Thompson LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000
(713) 581-3020 (fax)

Attorneys for Plaintiff E-Contact Technologies LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of January 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    /s/ Matthew J. Antonelli
                                    Matthew Antonelli