IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| E-CONTACT TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., ET AL.,<br><br>Defendants. | Case No. 1:11-cv-00426-DF-KFG |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY <u>PLAINTIFF'S COUNSEL</u>**

## I. INTRODUCTION

In opposing Samsung's Motion to Disqualify Plaintiff's Counsel ("Motion"), E-Contact Technologies LLC ("E-Contact") does not dispute, and in fact concedes, the factual showing that Antonelli's and Thompson's former representations of Samsung are substantially related to this case, and that they received material confidential information that would prejudice Samsung in this case.  *See* Motion at Dkt. No. 254 and E-Contact's Opposition ("Opp.") at Dkt. No. 272.  E-Contact also does not deny that Antonelli and Thompson violated their ethical duty of loyalty to Samsung, and offers only excuses for their egregious conduct.  Samsung respectfully maintains that the Court should grant its Motion to disqualify the law firm Antonelli, Harrington & Thompson LLP ("AHT") from representing E-Contact to prevent further prejudice to Samsung.

## II. THE COURT SHOULD DISQUALIFY E-CONTACT'S COUNSEL FROM THIS CASE BECAUSE OF ITS PRIOR REPRESENTATION OF SAMSUNG

Under the undisputed legal standards set forth in Samsung's opening brief, AHT should be barred from representing E-Contact in this case because: (1) their prior work for Samsung was substantially related to the present case; and (2) they received confidential information that would prejudice Samsung here.  A showing under either prong is sufficient for disqualification.  *See In re American Airlines,* 972 F.2d 605, 614-615 (5th Cir. 1992).  Not only did E-Contact not dispute the facts that Samsung presented in the opening brief, it admitted that they were correct.

With respect to Samsung's showing of a substantial relationship between Antonelli's and Thompson's former representations in the *Rambus* and *Interdigital* cases and the present lawsuit, E-Contact makes the following explicit admissions:

- *Interdigital* and the present case involve common technology.  Opp. at 6 (". . . both matters generally involved 'mobile communication devices.'").
- *Rambus* and the present case involve common legal issues.  Opp. at 8 (". . . every patent case will *involve common legal issues* such as infringement, invalidity, and

unenforceability." (emphasis added)).

E-Contact does not dispute that Antonelli's and Harrington's involvement in *Rambus* and *Interdigital* was extensive in view of the large amount of time that they spent on them. (Opp. at 9). In addition, E-Contact cannot reasonably deny that *Interdigital* and the present case implicate the same products. Though E-Contact argues that Samsung's Galaxy products are newer than the products at issue in *Interdigital*, it fails to mention that its Preliminary Infringement Contentions broadly identify "similar email systems on its smartphone devices." *See* Exhibit 13 of E-Contact's Disclosures Under Patent Local Rules 3-1 and 3-2, attached at Exhibit A of Brian Berliner's Declaration of Feb. 13, 2012. It is undisputed that the products in *Interdigital* were Samsung smartphone devices, and the present case also implicates Samsung smartphone devices.

As to Samsung's showing that Antonelli and Thompson received material confidential information from Samsung, E-Contact makes the following explicit admissions:

- Thompson received sensitive financial information about Samsung products, including revenues, deductions and profit margins. Opp. at 11 ("Mr. Thompson received that information more than four years ago. . .").
- Thompson received confidential patent license agreements. Opp. at 12 ("Mr. Thompson reviewed certain Samsung patent license agreements. . .").
- Thompson received sensitive information about patent licensing royalties. *Id*. ("The agreements at issue in *InterDigital* covered a large pool of patents, and involved calculating a complex stream of royalty payments over many years.").
- Antonelli received confidential document retention policies. Opp. at 13 (". . . document retention policies that he previously reviewed. . .").

From E-Contact's admissions and the undisputed facts of record, the Court may make the following conclusions that necessitate AHT's disqualification under applicable law: (1) Antonelli's and Thompson's current and prior representations involve factual similarities based on common technology and products; (2) their representations involve the same legal questions

2

of patent infringement litigation and patent licensing; and (3) their involvement in their former representations were extensive. The district court for the Southern District of Texas has found, and the Federal Circuit affirmed, a "substantial relationship" in very similar circumstances. *See, e.g., In re Riles*, 2000 U.S. App. LEXIS 20186 (Fed. Cir. Jul. 2000).

Moreover, the Court may also conclude that Antontelli and Thompson received material confidential information: (1) Thompson received financial information about Samsung products (which are the same types of products in the present case); (2) Thompson received Samsung's confidential patent license agreements; (3) Thompson received information about royalty payments in patent licensing; and (4) Antonelli received Samsung's litigation policies, such as those regarding document retention. It is unchallenged that E-Contact's imputed possession of this confidential information will harm Samsung in this case. Thompson's knowledge of profit margins, sales forecasts, or the relative performance of product lines or Samsung subsidiaries, affords insight into E-Contact's identification of infringing products, computation of damages, or approach to settling the case. (Motion at 12). His knowledge of Samsung's patent licensing and royalty arrangements also affords insight into how Samsung may evaluate settlement of the current suit. (*Id*.). Antonelli's knowledge of Samsung's document retention policies affords insight into how Samsung handles discovery and disputes that may arise over document production. (Motion at 13). Without disqualification, E-Contact can use this collective knowledge to Samsung's detriment to extract a more favorable settlement from Samsung.

### III. E-CONTACT MISCHARACTERIZES THE LAW AND FAILS TO ACKNOWLEDGE ITS COUNSEL'S ETHICAL OBLIGATIONS

Instead of offering legal arguments against the disqualification of Antonelli and Harrington, E-Contact offers mere excuses. E-Contact explains that Antonelli and Harrington were working under more senior attorneys, that they were not personally involved in settlement

discussions with Samsung, and that they did not have Samsung's "patent litigation playbook." (Opp. at 3-4, 11-12). These excuses are not supported by any legal principle, or even common sense. There is no legal authority for the proposition that disqualification should be reserved for the most senior attorneys, or that hierarchy insulates less senior attorneys from their ethical obligations. In any event, as noted in the opening brief, Antonelli and Thompson already were senior associates at the time they formerly represented Samsung. (Motion at 2). The law does not draw an arbitrary line between senior attorneys who are ethically accountable and those who are not. To the contrary, all attorneys are held to the same ethical standards.

E-Contact cites authority for the unremarkable proposition that disqualification cannot be granted on generalities, but requires delineating with specificity subject matters or information. (*Citing Duncan v. Merrill Lynch, et al.*, 646 F.2d 1020, 1029 (5th Cir. 1981); *Commonwealth Scientific & Indus. Research Org. v. Toshiba Am. Information Sys.*, 297 Fed. Appx. 970, 973-75 (Fed. Cir. 2008); *Soverain Software LLC v. CDW Corp.*, No. 6:07-CV-511, Dkt. No. 345 (E.D. Tex. Mar. 18, 2010)). However, these citations are inapposite as they are premised on E-Contact's false assertions that Samsung failed to point to anything specific to show a substantial relationship and that confidential information was imparted. (Opp. at 5-6, 9-11). The sincerity of E-Contact's charge is belied by its admissions of various *specific* examples showing a substantial relationship and receipt of confidential information, as delineated above.

E-Contact also cites authority to argue that a substantial relationship does not exist between past and current matters "merely" or "simply" because of the presence of a particular factor *alone*. (Opp. at 5-9). (*Citing, e.g., Duncan*, 646 F.2d at 1029 (5th Cir. 1981) ("[T]he fact that Smathers & Thompson used to represent Merrill Lynch, even on a variety of matters and over a relatively long period of time, *is alone insufficient* to establish the required nexus with the

4

present case.") (emphasis added)). Once again, these citations are irrelevant because Samsung's case for disqualification does not hinge on any one factor alone, but on a combination of factors previously articulated by this Court as pertinent to finding a substantial relationship. *See Power Mosfet Techs., L.L.C. v. Siemens AG, et al.*, 2002 U.S. Dist. LEXIS 27557,*8, 2002 WL 32785219,*2 (E.D. Tex. Sept. 30, 2002) (Folsom, J.).

Instead of offering any justifiable legal support for its position, E-Contact desperately attempts to change the subject by shifting the focus to Samsung's conduct. E-Contact argues that Samsung delayed bringing its Motion to gain a tactical advantage. This argument is frivolous on its face as the Court is well aware that this case is at the start of its schedule and that document production has not even begun. *See* Dkt. No. 256 (January 24, 2012 Scheduling Order). Moreover, E-Contact fails to offer any evidence that it has been prejudiced in any respect by Samsung's purported delay. Indeed, Samsung postponed the filing of its Motion at E-Contact's request to prolong the meet and confer process. *See* Berliner Declaration of Jan. 20, 2012, in Support of Motion at ¶¶ 12-13.

Perhaps most egregious, E-Contact offers no response to the serious charge that Antonelli and Thompson violated their respective duties of loyalty, because it is undeniable that they have abdicated all loyalty to their former client in favor of their current one. By refusing to even acknowledge the duty of loyalty recognized by Fifth Circuit precedent, the American Bar Association Model Rules of Professional Conduct and the Texas Disciplinary Rules of Professional Conduct, and to complain instead about the "tactical" inconvenience of Samsung's motion, E-Contact shows that it does not consider violations of ethical duties a serious matter.

### IV. CONCLUSION

For at least the foregoing reasons, Samsung respectfully submits that the Court should grant its Motion to Disqualify Plaintiff's Counsel from this case.

5

Dated:  February 13, 2012                                  Respectfully submitted,


                                                           */s/ Brian Berliner*_____
                                                           Ryan Yagura, SBN: 24075933
                                                           ryagura@omm.com
                                                           Brian M. Berliner, *pro hac vice*
                                                           bberliner@omm.com
                                                           O'MELVENY & MYERS LLP
                                                           400 South Hope Street
                                                           Los Angeles, California 90071-2899
                                                           Telephone: (213) 430-6000
                                                           Facsimile: (213) 430-6407

                                                           COUNSEL FOR DEFENDANT SAMSUNG
                                                           ELECTRONICS AMERICA, INC.

6

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 13th day of February, 2012, this document was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Texas.  Pursuant to Local Rule CV-5(a)(3), this electronic filing acts to electronically serve all who have consented to service via the Court's CM/ECF system.

                                                          */s/ Brian Berliner*_____
                                                          Brian Berliner