**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| E-CONTACT TECHNOLOGIES LLC, | |
| Plaintiff, | |
| | CIVIL ACTION NO. 1:11-CV-426 |
| v. | |
| APPLE INC., ET AL., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANT GOOGLE INC.'S OBJECTIONS TO
MAGISTRATE'S MEMORANDUM OPINION AND ORDER
CONSTRUING CLAIM TERMS OF UNITED STATES PATENT NO. 5,347,579**

Pursuant to the Federal Rule of Civil Procedure 72, defendant Google Inc. ("Google") submits the following objections to the Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 5,347,579 (Dkt. No. 478) (hereafter referred to as "Report"). While Google agrees with the vast majority of the Report, Google respectfully objects to the Report's recommendation concerning:

- The terms "placing…adjacent" and "list of aliases" and;
- The corresponding structure for the means plus function limitations "means for storing and retrieving each text entry" and "means for displaying the one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias."

In contrast to the bulk of the Report, the Magistrate Judge's opinion on these terms was clearly erroneous and contrary to law.  *See* Fed. R. Civ. P. 72(a).  Google notes that these issues are not case dispositive should the Court uphold the rest of the Report.

## I.    CLAIM TERMS

### A.    Placing…adjacent[1]

| DEFENDANTS' PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | MAGISTRATE'S CONSTRUCTION |
|---|---|---|
| "placing…immediately following without replacing" | "placing…near or next to" | "placing next to, either immediately following or immediately preceding" |

The Report addressed two issues in construing this term.  First, the location of the placed specific identifier in relation to the detected alias and, second, whether E-Contact disavowed part of the claim scope during prosecution of the '579 patent.  (Report at 7-9).  Google respectfully objects to the Report's finding that E-Contact made no clear disavowal during prosecution of the patent and, therefore, there is no basis to include the limitation "without replacing" as part of the construction.  (Report at 8.)

During prosecution, in response to the examiner's reliance on a prior art reference disclosing a spell checker, the inventor made the following statement:

> While the Spell Checker is able to suggest alternatives to a misspelled word and can **replace** the misspelled work [sic] with a selected alternative, this does not suggest the recited combination wherein the text is analyzed for aliases in a list of aliases ('he', etc.) and then enable selection for a specific identifier ("George Bush") which is **placed adjacent** the alias.

'579 patent File History, Response to OA, February 4, 1994, at 10 (emphasis added).  The inventor drew a clear and unmistakable distinction between replaced and placed adjacent.  The prior art disclosed a program that **replaces** an alias (misspelled word) with an identifier (selected alternative), which the inventor distinguished by explaining that in his invention the identifier is **placed adjacent** the alias, as opposed to replacing it.

The Report found that the inventor's remarks were not a disclaimer, but merely made "the point that the function of the 'placing' means is not present in the spellchecker."  (Report at

---

[1] Asserted claim 10 of the U.S. Patent No. 5,347,579 ("the '579 patent") recites "placing the selected identifier in the respective text entry adjacent the detected alias."

8.)  The statement from the inventor during the prosecution, however, distinguishes replacing (performed by the spell checker) from placing (performed by the invention).  The inventor, with this statement, is putting the public on notice that placing and replacing are different actions and the invention does not cover replacing.  The inventor has made a "clear and unmistakable disavowal" of the scope of the claims and the negative limitation is proper.  *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003).

Furthermore, the Report agrees that the alias ***cannot be replaced***, but declines to include the negative limitation because the claim language is already clear that the alias is added. (Report at 8-9.)  Given the clear disavowal and to avoid ambiguity, the limitation "without replacing" should be included as part of the construction of the term "placing…adjacent."

**B.      List of aliases**

| DEFENDANTS' PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | MAGISTRATE'S CONSTRUCTION |
|---|---|---|
| "pre-existing table of built-in or user-created [aliases] | No construction necessary | No construction is necessary, with the understanding that the claim as properly read requires that the list of aliases be pre-existing |

The Report found no construction of this term was necessary, "with the understanding that the claim as properly read requires that the list of aliases be pre-existing."  (Report at 13.) Google agrees with the Magistrate Judge that the list of aliases must be pre-existing but disagrees that the plain language of the claim is sufficient to provide clarity on the bounds of the claim.  In advocating that no construction was necessary, E-Contact was attempting to broaden the scope of the claims beyond that of which the public has received notice.  E-Contact will likely use to the current construction, *i.e.*, that no construction is necessary, to create jury confusion as to what is required by the claims.

E-Contact's arguments in its opening and reply briefs demonstrates the incredible breadth E-Contact assigns to the plain and ordinary meaning of the term "list of aliases."  To avoid jury confusion, the Report's finding that the plain language of the claim requires that the list of

aliases be pre-existing should be expressly included as part of the construction of the term "list of aliases." Accordingly, Defendants' proposed construction should be adopted.

## II.   MEANS PLUS FUNCTION LIMITATIONS

### A.   Means for storing and retrieving each text entry

| DEFENDANTS' PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | MAGISTRATE'S CONSTRUCTION |
|---|---|---|
| Function: "storing and retrieving each [text entry]."<br><br>Structure:<br>The corresponding hardware for storing and retrieving means is: a magnetic disk described in Col. 4:38-41 and associated computer interface hardware or equivalents.<br><br>The corresponding structure for storing is: a general purpose computer programmed to perform the disclosed functions illustrated at 104, 114, and 116 in Figure 1 and the flowchart in Figures 18 and 19, and described in Col. 5:11-15 and Col. 13:63-Col. 15:32.<br><br>The corresponding structure for retrieving is: a general purpose computer programmed to perform the disclosed algorithm illustrated as function 130 in Figures 1 and 2, and described in Col. 4:55-5:5. | Function:  storing and retrieving each text entry.<br><br>Structure:  a general purpose processor to perform the algorithms for storing and retrieving data from a magnetic disk or other permanent storage illustrated by File Import/Export, Save, and Archive, and Restore as shown in Fig. 8 and equivalents thereof; Archive function 104, Storage Input/Output 114, and Save function 116 as show in Fig. 1 and equivalents thereof; or Input/Output 736 as shown in Figs. 24 and 25, and equivalents thereof. | Structure:  a microprocessor, magnetic disk, and equivalents thereof |

The Report improperly applies case law to reach the conclusion that "read/write operations are inherent aspects of a general purpose computer and no algorithms are required to realize that functionality" and to find the corresponding structure for the function is "a microprocessor, magnetic disk, and equivalents thereof." (Report at 21.) But the parties agreed that this claimed function required a more involved algorithm, and not just generic read/write operations.

E-Contact opted to use functional claiming for this limitation and, consequently, is limited to the corresponding structure disclosed in the specification.  The issue is whether this function "can be achieved by any general purpose computer without special programming."  *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011).  The function the parties agreed to is "storing and retrieving each text entry" and both parties suggested that the corresponding structure required an algorithm, recognizing that this limitation requires a specially programmed computer.  The function does not simply require storing and retrieving text or data, but rather requires storage and retrieval of ***each*** text entry, as a separately storable or retrievable object.

What constitutes a text entry is informed by the description of the invention in the specification.  The '579 patent relates to a personal computer diary.  The text entry in the claims, therefore, must be a component of the personal computer diary.  The Report did not address whether the text entry in the claims is a generic file or files that may utilize the inherent read/write operations of a general purpose computer or whether the text entry is a specialized file requiring specialized procedures for storage and retrieval.  (Report at 20-21.)  As discussed in the claim construction briefing and made clear in the specification, the text entry of a personal computer diary has specialized functions and may not simply be performed by a general purpose computer.  Because this is a means-plus-function claim term, it must include the structure set forth in the specification.  As this function requires a special purpose computer (as all parties agreed), the corresponding structure should include an algorithm.  As the Report correctly found, the structure identified by E-Contact does not include an algorithm.  (Report at 21.)  Defendants' proposed construction correctly identifies the algorithm corresponding to this function and should be adopted.

**B.     Means for displaying the one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias**

| DEFENDANTS' PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | MAGISTRATE'S CONSTRUCTION |
|---|---|---|
| Function: "displaying the one or more specific identifiers corresponding to the detected [alias] to assist the user to select a correct identifier of the detected [alias]."<br><br>Structure: a computer monitor as described in Col. 8:50-51, display card as described in Col. 10:6-9, and a general purpose computer programmed to perform the disclosed algorithm illustrated as step 440 in Figure 17 that enables display of the list of specific identifiers corresponding to the alias, as illustrated in 442 in FIG. 8, and described in Col. 13:18-36. | Function: displaying the one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias.<br><br>Structure: a general purpose processor to perform the algorithms illustrated by box 442 as shown in Fig 8 and equivalents thereof. | Structure:  a computer display screen and its equivalents |

The Report's construction includes corresponding structure for ***displaying***, but fails to include corresponding structure for the remainder of the function, *i.e.* logic to display "one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias." (Report at 26.)  There is no dispute amongst the parties that the recited function requires this function.  Accordingly, the corresponding structure (*i.e.* algorithm) must ensure the display is of one or more specific identifiers corresponding to the detected alias in a way that assists the user to select a correct identifier for the detected alias.  The Report's construction does not include an algorithm, nor does the Report state that an algorithm is not necessary.  Instead, the Report states that the algorithm identified by Defendants enables the function, but "structures that merely enable the function to be performed are not linked as corresponding structure." (Report at 26.)  This misapplies Federal Circuit precedent.

The Federal Circuit has stated "[w]hile corresponding structure need not include all things necessary to enable the claimed invention to work, it must include all structure that actually performs the recited function." *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005); *see also Asyst Techs., Inc. v. Empak, Inc.*, 268 F.3d 1364, 1370-71 (Fed. Cir. 2001).   In *Asyst*, the Federal Circuit held that a communications line between the corresponding structure for the two functions for the means limitation was not part of the corresponding structure. *Id.* The Federal Circuit rejected the argument that just because the communications line was necessary to perform the recited function, it was part of the corresponding structure. *Id.* at 1371.   Instead, in identifying the corresponding structure, the Federal Circuit focused on the corresponding structure that actually performed the recited function. *Id.*

Here, rather than merely enabling the function, the identified algorithm performs the portion of the function relating to how the corresponding specific identifiers are displayed. Without the algorithm identified by Defendants, the computer display screen would display the data transferred to it, but there is no structure to ensure it would display the one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias.   This is the specific function required by the claims.   Accordingly, Defendants' proposed construction should be adopted.   Should the Court determine that no algorithm is clearly linked to or performs the function, this claim limitation should be indefinite for failure to disclose more than a general purpose computer. *See Aristocrat Techs. Australia Prop. Ltd. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008).

## III.   CONCLUSION

For the reasons set forth herein, and in the claim construction briefing and during the claim construction hearing, Google respectfully objects to the to the Report's construction of the terms "placing…adjacent" and "list of aliases" and the corresponding structure for the means plus function limitations "means for storing and retrieving each text entry" and "means for

displaying the one or more specific identifiers corresponding to the detected alias to assist the user to select a correct identifier of the detected alias."

Dated:  April 8, 2013                                  Respectfully submitted,

                                                       By: _/s/ M. Craig Tyler_____
                                                           J. Thad Heartfield
                                                           State Bar No. 09346800
                                                           M. Dru Montgomery
                                                           State Bar No. 24010800
                                                           THE HEARTFIELD LAW FIRM
                                                           2195 Dowlen Road
                                                           Beaumont, Texas  77706
                                                           Telephone:  (409) 866-3318
                                                           Facsmile:   (409) 866-5789
                                                           E-Mail:     thad@jth-law.com
                                                                       dru@jth-law.com

                                                           M. Craig Tyler
                                                           State Bar No. 00794762
                                                           WILSON SONSINI GOODRICH & ROSATI
                                                           Professional Corporation
                                                           900 South Capital of Texas Highway
                                                           Austin, Texas  78746-5546
                                                           Telephone:  (512) 338-5400
                                                           Facsimile:  (512) 338-5499
                                                           E-Mail:     ctyler@wsgr.com

                                                           Stefani E. Shanberg
                                                           State Bar No. 24009579
                                                           Jennifer J. Schmidt
                                                           Robin L. Brewer, pro hac vice
                                                           WILSON SONSINI GOODRICH & ROSATI
                                                           Professional Corporation
                                                           One Market Plaza
                                                           Spear Tower, Suite 3300
                                                           San Francisco, California  94105-1126
                                                           Telephone:  (415) 947-2000
                                                           Facsimile:  (415) 947-2099
                                                           E-Mail:     sshanberg@wsgr.com
                                                                       jschmidt@wsgr.com
                                                                       rbrewer@wsgr.com

                                                       Attorneys for Defendant
                                                       GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of April, 2013.

_/s/ M. Craig Tyler_
M. Craig Tyler